1   FRANKLIN C. ADAMS, Bar No. 85351
    franklin.adams@bbklaw.com
2   BEST BEST & KRIEGER LLP
    3390 University Avenue, 5th Floor
3   P.O. Box 1028
    Riverside, CA 92502
4   Telephone: (951) 686-1450
    Facsimile: (951) 686-3083
5

6   Attorneys for Defendant: Brian A. Glasser,
    Successor Trustee of the Yellowstone Club
7   Liquidating Trust

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  TIMOTHY L. BLIXSETH,              Case No.  5:17-mc-15

13          Plaintiff,                CLERK'S CERTIFICATION OF A
                                      JUDGMENT TO BE REGISTERED IN
14      v.                            ANOTHER DISTRICT

15  YELLOWSTONE MOUNTAIN
    CLUB LLC; AD HOC GROUP OF
16  CLASS B UNIT HOLDERS; CIP
    SUNRISE RIDGE OWNER LLC;
17  CIP YELLOWSTONE LENDING
    LLC; CROSSHARBOR CAPITAL
18  PARTNERS, LLC; BRIAN A.
    GLASSER; CREDIT SUISSE AG,
19  CAYMAN ISLAND BRANCH;
    YELLOWSTONE CLUB
20  LIQUIDATING TRUST,

21          Defendants.

22

23

24

25

26

27

28

    30899.00001\30114529.1                CLERK'S CERTIFICATION OF A JUDGMENT
                                           TO BE REGISTERED IN ANOTHER DISTRICT

1     Attached is a certified copy of the United States District Court for the District

2     of Montana Clerk's Certification of a Judgment to be Registered in Another

3     District.

4

5     Dated:     September ____, 2017          BEST BEST & KRIEGER LLP

6

7                                              By: /s/ Franklin C. Adams

8                                                 FRANKLIN C. ADAMS
                                                  Attorneys for Defendant
9                                                 Brian A. Glasser, Successor Trustee of
                                                  the Yellowstone Mountain Club
                                                  Liquidating Trust
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

30899.00001\30114529.1

CLERK'S CERTIFICATION OF A JUDGMENT
TO BE REGISTERED IN ANOTHER DISTRICT

AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of Montana

| | |
|---|---|
| Timothy L. Blixseth | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Yellowstone Mountain Club, LLC, et al | ) |
| _Defendant_ | ) |

Civil Action No. MC 17-10-M-DLC-JCL

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    08/03/2017    .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:    08/25/2017

CLERK OF COURT   .  **TYLER P. GILMAN**

_Nicole Stephens_
_Signature of Clerk or Deputy Clerk_

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

**FILED**

**AUG - 3 2017**

Clerk, U.S. Courts
District Of Montana
Butte Division

| | |
|---|---|
| TIMOTHY L. BLIXSETH,<br><br>       Appellant,<br><br>v.<br><br>YELLOWSTONE MOUNTAIN CLUB,<br>LLC; AD HOC GROUP OF CLASS B UNIT<br>HOLDERS; CIP SUNRISE RIDGE OWNER<br>LLC; CIP YELLOWSTONE LENDING<br>LLC; CROSSHARBOR CAPITAL<br>PARTNERS, LLC; BRIAN A. GLASSER;<br>CREDIT SUISSE AG, CAYMAN ISLAND<br>BRANCH; YELLOWSTONE CLUB<br>LIQUIDATING TRUST,<br><br>       Appellees. | No. 12-35986<br><br>D.C. No. 11-cv-73-SHE<br>District of Montana, Butte |

### CERTIFICATION OF JUDGMENT TO BE REGISTERED
### IN UNITED STATES DISTRICT COURT

The undersigned hereby certifies that the judgment attached hereto as **Exhibit A** is a certified copy of judgment entered by the United States Court of Appeals for the Ninth Circuit on March 13, 2014 and amended on December 12, 2016, which has been certified by the Clerk of Court for the United States Court of Appeals for the Ninth Circuit.[1]

The undersigned further certifies that no motion to alter, amend, vacate, or reconsider the attached judgment is pending before any court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

UNITED STATES OF AMERICA   } **SS**
DISTRICT OF MONTANA

[Signature Page Follows]

I, Tyler P. Gilman, Clerk of the United States District
Court for the District of Montana, hereby certify that
the above and forgoing is a true copy of the original
now on file in my office.
Dated this _25th_ day of
_August_ 20_17_

By _Nicole Stephens_
    TYLER P. GILMAN, Clerk
           Deputy

---

[1] A summary of the judgment amounts is set forth on **Schedule 1** attached hereto.

Dated: August 2, 2017        DUANE MORRIS LLP
       Boston, Massachusetts

                             /s/ Michael R. Lastowski
                             Michael R. Lastowski, Esq.
                             222 Delaware Avenue, Suite 1600
                             Wilmington, DE 19801
                             Telephone: 302-657-4900
                             mlastowski@duanemorris.com

                             -and-

                             Paul D. Moore, Esq.
                             100 High Street, Suite 2400
                             Boston, MA 02110
                             Telephone: 857-488-4200
                             pdmoore@duanemorris.com

                             *Attorneys for CrossHarbor Capital
                             Partners, LLC and CIP Sunrise Ridge
                             Owner LLC*


                             PATTEN, PETERMAN, BEKKEDAHL & GREEN,
                             PLLC
                             James A. Patten, Esq.
                             2817 2nd Avenue North, Suite 300
                             Billings, MT 59101
                             Telephone: 406-525-8500
                             apatten@ppbglaw.com

                             *Attorneys for Yellowstone Mountain Club,
                             LLC and CIP Yellowstone Lending LLC*


                             HOLLAND & HART LLP
                             Charles Hingle, Esq.
                             401 North 31st Street, Suite 1500
                             Billings, MT 59103-0639
                             Telephone: 406-252-2166
                             chingle@hollandhart.com

                             *Attorneys for Brian Glasser, Trustee, and
                             the Yellowstone Club Liquidating Trust*

2

## SCHEDULE 1

### Summary of Judgment Amounts

(1)     $105,881.26 in favor of CrossHarbor Capital Partners, LLC and CIP Sunrise Ridge Owner LLC and jointly and severally against Timothy L. Blixseth and Michael J. Flynn (*see* **Exhibit A-1** at 39-40);

(2)     An additional $24,796.41 in favor of CrossHarbor Capital Partners, LLC and CIP Sunrise Ridge Owner LLC and against Michael J. Flynn (*see* **Exhibit A-1** at 39-40);

(3)     $42,031.81 in favor of Brian A. Glasser, Trustee, and Yellowstone Club Liquidating Trust and jointly and severally against Timothy L. Blixseth and Michael J. Flynn (*see* **Exhibit A-2** at 16-17);

(4)     An additional $9,065.50 in favor of Brian A. Glasser, Trustee, and Yellowstone Club Liquidating Trust and against Michael J. Flynn (*see* **Exhibit A-2** at 16-17);

(5)     $9,505.08 in favor of Yellowstone Mountain Club, LLC and CIP Yellowstone Lending LLC and jointly and severally against Timothy L. Blixseth and Michael J. Flynn (*see* **Exhibit A-3** at 11-12); and

(6)     An additional $712.50 in favor of Yellowstone Mountain Club, LLC and CIP Yellowstone Lending LLC and against Michael J. Flynn (*see* **Exhibit A-3** at 11-12).

## EXHIBIT A

**Mandate of the United States Court of Appeals for the Ninth Circuit**
*Blixseth v. Yellowstone Mountain Club, LLC*, et al.,
**Case No. 12-35986 (9th Cir. Mar. 13, 2014)**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY L. BLIXSETH,

         Appellant,

   v.

YELLOWSTONE MOUNTAIN CLUB,
LLC; et al.,

         Appellees.

No. 12-35986

D.C. No. 2:11-cv-00073-SEH
U.S. District Court for Montana,
Butte

**MANDATE**

A TRUE COPY
ATTEST  07/20/2017
MOLLY C. DWYER
Clerk of Court
by: Joan Ryan
Deputy Clerk

     The judgment of this Court, entered February 18, 2014, takes effect this

date.

     This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

     Costs are taxed against the appellant in the amount of $1,048.60.

                  FOR THE COURT:
                  Molly C. Dwyer
                  Clerk of Court

                  Rebecca Lopez
                  Deputy Clerk

## EXHIBIT A-1

**Second Amended Order re: CrossHarbor's Application for Attorneys' Fees and Non-Taxable Costs**
*Blixseth v. Yellowstone Mountain Club, LLC*, et al.,
Case No. 12-35986 (9th Cir. Dec. 1, 2016)

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 10 of 80   Page ID #:10

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 2 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 1 of 40

**FILED**

UNITED STATES COURT OF APPEALS

DEC 01 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY L. BLIXSETH, <br><br>            Appellant, <br><br> v. <br><br> YELLOWSTONE MOUNTAIN CLUB, LLC; AD HOC GROUP OF CLASS B UNIT HOLDERS; CIP SUNRISE RIDGE OWNER LLC; CIP YELLOWSTONE LENDING LLC; CROSSHARBOR CAPITAL PARTNERS, LLC; BRIAN A. GLASSER; CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH; YELLOWSTONE CLUB LIQUIDATING TRUST, <br><br>            Appellees. | No. 12-35986 <br><br> D.C. No. 11-CV-73-SEH <br> District of Montana, <br> Butte <br><br> A TRUE COPY <br> ATTEST 0 7/2 0/2 0 1 7 <br> MOLLY C. DWYER <br> Clerk of Court <br> by: J van Pyam <br> Deputy Clerk <br><br> **SECOND AMENDED ORDER** RE: CROSSHARBOR'S APPLICATION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS |

Before:  Peter L. Shaw, Appellate Commissioner

I

Background

      Yellowstone Mountain Club, a ski resort founded by Timothy Blixseth, filed

for bankruptcy.  *See Blixseth v. Yellowstone Mtn. Club, LLC*, 742 F.3d 1215, 1218

(9th Cir. 2014).  The bankruptcy court entered a $40 million judgment against

Blixseth, finding that he had misappropriated cash and property for personal use

with fraudulent intent.  *Id.*  The bankruptcy court also denied Blixseth's motion to

MH/APPCOMM

12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 11 of 80   Page ID #:11

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 3 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 2 of 40

disqualify the bankruptcy court judge, and Blixseth appealed. *Id.* The district court affirmed the bankruptcy court's order. *Id.* This court affirmed the district court's decision, holding that Blixseth's allegations that the bankruptcy court judge committed misconduct were wholly without merit. *Id.* at 1218-22.

The court also issued an order to show cause why Blixseth and his attorneys should not be sanctioned for pressing the appeal. *See Blixseth v. Yellowstone Mtn. Club, LLC*, 796 F.3d 1004, 1006 (9th Cir. 2015). After hearing from all interested parties, the court ordered Blixseth and his attorney, Michael J. Flynn, to pay appellees' attorneys' fees and costs in defending against the appeal, pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. *Id.* at 1008-09.[1]

---

[1] Rule 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "Just damages" may include the reasonable attorneys' fees incurred in defending against frivolous issues on appeal. *See Gaskell v. Wier*, 10 F.3d 626, 629 (9th Cir. 1993) (citing *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)).

Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012) (citing *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347-48 (9th Cir. 1985)).

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 12 of 80   Page ID #:12

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 4 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 3 of 40

(Blixseth's other attorneys, Patrick T. Fox, Phillip H. Stillman, Chrisopher J.

Conant, and Michael J. Ferrigno, were not sanctioned.)  The court also ordered

Blixseth and Flynn each to pay $500 to the Clerk of the court, which they have

done. *Id*. at 1009.  The United States Supreme Court denied Blixseth's and

Flynn's petition for a writ of certiorari.

Under Ninth Circuit Rule 39-1.9, the court referred the determination of an

appropriate amount of attorneys' fees and costs to the Appellate Commissioner.

*Id*. at 1009.  CrossHarbor filed a bill of costs, and the court taxed costs against

Blixseth in the amount of $1,048.60.  *See* 28 U.S.C. § 1920; Fed. R. App. P. 39;

9th Cir. R. 39-1.1 - 1.5.

The Appellate Commissioner ordered the parties to brief the question of

attorneys' fees and non-taxable costs.  Appellees filed applications for attorneys'

fees and non-taxable costs.  Flynn filed responses and a citation of supplemental

authority.  CrossHarbor Capital Partners, LLC and CIP Sunrise Ridge Owner LLC

(together, "CrossHarbor") and Brian A. Glasser, Trustee, and Yellowstone Club

Liquidating Trust (together, "YCLT) filed replies.  Yellowstone Mountain Club,

LLC and CIP Yellowstone Lending LLC (together, "Yellowstone") joined in

CrossHarbor's reply.  CrossHarbor filed a response to Flynn's citation of

supplemental authority and a transcript of the oral argument.  Blixseth did not file

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 13 of 80   Page ID #:13

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 5 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 4 of 40

pro se responses to the appellees' applications for attorneys' fees and non-taxable

costs, although he had filed a pro se response to the court's earlier order to show

cause.

The Appellate Commissioner filed an order awarding attorneys' fees and

non-taxable costs, and then an amended order correcting a mathematical error.

Flynn filed a motion for reconsideration of the amended order.  Flynn's motion for

reconsideration (Docket Entry No. 146) is granted in part.  The amended order at

Docket Entry No. 144 is vacated and this second amended order is substituted.  In

this second amended order, a statement in section II(A)(2)(a) that Flynn waived an

argument has been deleted and the analysis in section II(A)(2)(b) and the resulting

award have been revised.

The second amended order addresses the application for attorneys' fees and

non-taxable costs filed by CrossHarbor.  The applications for attorneys' fees and

non-taxable costs filed by the other appellees are addressed in separate amended

orders.

II
Analysis

A. Attorneys' Fees

    1. CrossHarbor's Request

    CrossHarbor requests attorneys' fees in the amount of $157,169 for 370

hours of 2012-15 work at $195 to $795 per hour by three attorneys and one

paralegal from Duane Morris LLP in Boston, Massachusetts and Wilmington,

Delaware, and by one attorney from Crowley Fleck PLLP in Missoula, Montana,

who had served as local counsel in the lower courts, as follows:

Duane Morris

| Professional | Title | Admit | Year | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Paul Moore | Partner | 1977 | 2012-13 | $695 | 10.1 | $ 7,019.50 |
| Paul Moore | Partner | 1977 | 2014 | $725 | 15.3 | $ 11,092.50 |
| M. Lastowski | Partner | 1980 | 2012 | $780 | 3.2 | $ 2,496.00 |
| M. Lastowski | Partner | 1980 | 2013-14 | $795 | 78.9 | $ 62,725.50 |
| Jarret Hitchings | Associate | 2011 | 2013 | $345 | 50.3 | $ 16,597.50 |
| Jarret Hitchings | Associate | 2011 | 2014 | $375 | 40.6 | $ 15,981.00 |
| S. Lenkiewicz | Paralegal | N/A | 2013 | $195 | 1.2 | $ 234.00 |
| S. Lenkiewicz | Paralegal | N/A | 2014 | $205 | 18.5 | $ 3,792.50 |
| Total | | | | | 218.1 | $119,938.50 |

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 15 of 80   Page ID #:15

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 7 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 6 of 40

<u>Crowley Fleck</u>

| Professional | Title | Admit | Year | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Benjamin Hursh | Partner | 2003 | 2012 | $245 | 5.5 | $ 1,347.50 |
| Benjamin Hursh | Partner | 2003 | 2013 | $245 | 103.3 | $ 25,308.50 |
| Benjamin Hursh | Partner | 2003 | 2014 | $245 | 42.1 | $ 10,314.50 |
| Benjamin Hursh | Partner | 2003 | 2015 | $260 | 1.0 | $ 260.00 |
| Total | | | | | 151.9 | $ 37,230.50 |

On Ninth Circuit Form 9, CrossHarbor states that the attorneys and paralegal spent the requested hours as follows:

| Service Category | PM | ML | JH | SL | BH | Total |
|---|---|---|---|---|---|---|
| Conferences | 2.3 | 4.0 | 3.3 | 2.5 | 11.4 | 23.5 |
| Records | 0.8 | 4.5 | 0 | 0 | 41.5 | 46.8 |
| Research | 0 | 0.6 | 9.6 | 0 | 4.6 | 14.8 |
| Briefs | 5.3 | 20.8 | 37.4 | 0.4 | 27.1 | 91.0 |
| Argument | 1.9 | 25.6 | 0 | 0.8 | 58.8 | 87.1 |
| OSC Statements | 15.1 | 26.6 | 40.6 | 16.0 | 8.5 | 106.8 |
| Total Hours | 25.4 | 82.1 | 90.9 | 19.7 | 151.9 | 370.0 |

CrossHarbor requests fees for preparing a portion of a 13,043-word joint answering brief, and for preparing a mediation questionnaire, a 4,151-word statement regarding Blixseth's pro se response to the order to show cause, and a

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 16 of 80   Page ID #:16
Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 8 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 7 of 40

4,974-word statement regarding Flynn's response to the order to show cause on behalf of CrossHarbor and Yellowstone.

CrossHarbor also requests fees for Lastowski's and Hursh's attendance at oral argument in Seattle, Washington. CrossHarbor does not request fees for its statements regarding the order to show cause responses filed by Blixseth's attorneys who were not sanctioned. CrossHarbor also does not request fees for briefing the question of the appropriate amount of fees and non-taxable costs or for $34,762.50 in fees for work by Moore, who supervised the work performed by Duane Morris.

In a declaration, Lastowski states that the accompanying time records "accurately reflect the time spent by Duane Morris attorneys on this matter and the costs billed to Applicant [CrossHarbor]. Applicant has paid to Duane Morris the fees and costs sought in the Application." Lastowski states that the services rendered and fees and costs incurred were reasonable and necessary given the nature of the appeal and the complexity of the issues involved. Hursh states that the requested fees and costs are reasonable and appropriate.

2. Flynn's Objections

Flynn objects to CrossHarbor's requested attorneys' fees on a number of grounds, arguing that CrossHarbor should be awarded no more than $2,710.50 in

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 17 of 80   Page ID #:17
Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 9 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 8 of 40

fees. In the alternative, Flynn requests that the court impose a $10,000 sanction

against him to be divided among all appellees as they see fit.

      a. Flynn's Appearance

      Flynn argues that he cannot be held liable for CrossHarbor's fees and costs

incurred before Flynn filed a notice of appearance on August 7, 2013, after briefing

was complete but before oral argument. (Fox filed the notice of appeal on

November 28, 2012, and the names of Fox, Stillman, Conant, and Ferrigno

appeared on the opening brief filed on April 9, 2013 and the reply brief filed July

19, 2013.) Flynn argues that no more than $2,710.50 in fees should be awarded for

the period after he filed an appearance. Flynn's argument lacks merit.

      Flynn argues that sanctions under Rule 38 and § 1927 may be based only on

counsel's conduct, and not on the conduct of the parties or the other attorneys,

citing *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112,

1120-21 (9th Cir. 2000), *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d

644, 649-50 (9th Cir. 1997), *NLRB v. Unbelievable, Inc.*, 71 F.3d 1434, 1441-42

(9th Cir. 1995), and two out-of-circuit cases. But because Flynn took

responsibility for the appellate brief, Flynn may be required to pay CrossHarbor's

attorneys' fees and costs incurred in defending against the appeal. The cases cited

by Flynn do not dictate otherwise.

MH/APPCOMM                                           8                                 12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 18 of 80   Page ID #:18

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 10 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 9 of 40

During oral argument, in response to questions from the court, Flynn stated

that his name was not on the briefs due to oversight.  Flynn, who appeared

pro hac vice in the bankruptcy court on the motion to disqualify the judge, stated

that he was involved in writing the briefs because brief-writers Conant and

Ferrigno consulted with him about lower court events and record citations.  (In the

district court, only Fox appeared as counsel of record.  Flynn filed a motion to

appear pro hac vice, but withdrew it after the district court inquired into a sanction

against him.)  At oral argument, this court specifically asked Flynn whether he

took responsibility for what was in the appellate brief, and Flynn stated that he did.

After considering the responses to the order to show cause, the court

sanctioned Blixseth and Flynn under Rule 38 for pressing the frivolous appeal and

sanctioned Flynn under § 1927 for acting in bad faith and engaging in

unprofessional conduct during the appellate proceedings and in responding to the

order to show cause.  *See Blixseth*, 796 F.3d at 1007-09.  The court specifically

determined that the other attorneys had not acted in bad faith and should not be

sanctioned, and that only Flynn should be held responsible for the appellate

representation.  *Id.*  The court ordered Blixseth and Flynn to pay as a sanction

CrossHarbor's attorneys' fees and costs incurred in defending against the appeal,

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 19 of 80   Page ID #:19
Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 11 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 10 of 40

and did not limit the award to fees and costs incurred after Flynn's appearance. *Id.* at 1008-09.

        b.  CrossHarbor's Statements Regarding Sanctions

            i.  Fees For Litigating Sanctions

Flynn objects to CrossHarbor's request for attorneys' fees for preparing CrossHarbor's statements regarding Blixseth's pro se response and Flynn's response to the order to show cause.  Flynn argues that the court may not include the expense of litigating the order to show cause in the attorney's fees and costs that the court ordered Blixseth and Flynn to pay as a sanction, citing *In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 466 (9th Cir. 2010) and *Baker Botts L.L.P v. ASARCO LLC*, 135 S. Ct. 2158, 2168 (2015).  Flynn's argument has partial merit.

In *Lyddon v. Geothermal Properties, Inc.*, 996 F.2d 212, 214 (9th Cir. 1992), this court held that the fees associated with the computation of Rule 38 sanctions should not be recoverable.  *Lyddon* relied on *Lockary v. Kayfetz*, 974 F.2d 1166, 1178 (9th Cir. 1992), where the court held that a district court erred in including the defendants' attorneys' fees for preparing a motion for sanctions in a sanction award under its inherent powers.

MH/APPCOMM                     10                       12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 20 of 80   Page ID #:20

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 12 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 11 of 40

*Lyddon* was decided in 1992, and relied on a version of Rule 11 that did not

authorize a district court to include the expenses associated with sanctions

proceedings in sanction awards under Rule 11. *See Lyddon*, 996 F.2d at 214; *see*

*also Cooter & Gell*, 496 U.S. 384, 406 (1990). After Rule 11 was amended on

December 1, 1993, to allow the award of expenses associated with sanctions

proceedings, this court held that a district court may include in the amount awarded

under Rule 11 the expense of bringing a motion for sanctions. *See Margolis v.*

*Ryan*, 140 F.3d 850, 854-55 (9th Cir. 1998); *Buster v. Griesen*, 104 F.3d 1186,

1190 n.5 (9th Cir. 1997).

Although *Margolis* and *Buster* call into question the continued vitality of

*Lyddon*, and *Lyddon* states that the principles governing the interpretation of Rule

11 control in interpreting Rule 38, this court has never overruled *Lyddon's* holding

that fees for sanctions litigation are not recoverable under Rule 38. Accordingly,

CrossHarbor's fees for preparing the statements regarding Blixseth's pro se

response and Flynn's response to the court's order to show cause may not be

awarded under Rule 38. *Id.*

A different analysis applies to the award of fees for preparing the responses

against Flynn under § 1927. This analysis is set forth persuasively in *Norelus v.*

*Denny's, Inc.*, 628 F.3d 1270, 1298-1302 (11th Cir. 2010). Unlike Rule 38, which

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 21 of 80   Page ID #:21

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 13 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 12 of 40

allows an award of "just damages" if an appeal is frivolous, § 1927 specifically

allows an award of "attorneys' fees reasonably incurred because of [an attorney's

unreasonable and vexatious multiplication of the proceedings]." *Id.* at 1298. After

carefully surveying the case law regarding fees for litigating sanctions, the

Eleventh Circuit concluded in *Norelus* that because the costs arising from sanctions

proceedings were "occasioned by the objectionable conduct," and because

excluding these costs would undercut the deterrence and compensation goals of

sanctions, the costs may be included in a sanctions award under § 1927. *Id.* at

1298, 1302. Accordingly, CrossHarbor's fees for preparing the statements

regarding responses to the order to show cause may be awarded against Flynn

under 28 U.S.C. § 1927. *Id.*

  According to Blixseth's pro se response, however, Blixseth states that he is

"without an attorney to speak on [his] behalf, due to what could be viewed as a

conflict that has been created between me and my attorneys from the proposed

sanctions." Blixseth also states that "I am filing this invited response pro se and

every word has been written by me." In light of these statements, Flynn should not

be required under § 1927 to satisfy personally the attorneys' fees that CrossHarbor

incurred for preparing its statement regarding Blixseth's pro se response. (Also,

CrossHarbor does not request fees for its statements regarding the order to show

MH/APPCOMM       12       12-35986

cause responses filed by Blixseth's attorneys who were not sanctioned.) But Flynn

will be required under § 1927 to satisfy personally the attorneys' fees reasonably

incurred for preparing the statement regarding Flynn's response under § 1927. *Id.*[2]

### ii. Reasonable Fees For Litigating Sanctions

Flynn argues that CrossHarbor's requested 106.8 hours of work and $52,682

in attorneys' fees for preparing CrossHarbor's statements regarding Blixseth's pro

se response and Flynn's response to the court's order to show cause are

unreasonable. According to Flynn, CrossHarbor's statements were not responsive

to the order to show cause, because they were not limited to discussing the merits

of the appellate briefing. Flynn argues that the statements were "an omnibus airing

of grievances . . . about Mr. Flynn based on years and years of litigation involving

---

[2] Because the court sanctioned Blixseth and Flynn under Rule 38 and
sanctioned Flynn under § 1927, which expressly authorizes award of attorneys'
fees incurred because of misconduct, Flynn's reliance on *Sunbelt Developers*,
which involved a sanction under the court's inherent powers, is misplaced. *Haeger
v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233 (9th Cir. 2016), *cert. granted*, No.
15-1406, 2016 WL 2927901 (U.S. Sept. 29, 2016), cited in Flynn's motion for
reconsideration, also involves an award under the court's inherent powers, and
therefore is not dispositive. Flynn also does not benefit from *Baker Botts* because
CrossHarbor does not seek fees and costs as compensation for assisting a trustee in
a bankruptcy proceeding under § 330(a)(1). Sanction awards under Rule 38 and
§ 1927 are not limited like §330(a)(1) awards are to compensation for actual,
necessary services to an estate administrator. Thus, *Baker Botts* also is not
dispositive.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 23 of 80   Page ID #:23

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 15 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 14 of 40

Mr. Flynn in other cases." Flynn's argument lacks merit, but certain hours and fees in connection with the sanctions statements must be disallowed.

The order to show cause did not limit CrossHarbor's statements to discussing the merits of the appellate briefing. In fact, the order to show cause notes that Blixseth's frivolous effort to remove a judge who ruled against him was not an isolated incident, and discusses Blixseth's and his attorneys' "pattern of sanctionable behavior through innumerable proceedings that resulted from the Yellowstone bankruptcy," as well as previous sanctions against Blixseth and his attorneys and a finding of contempt against Blixseth. After this discussion, the court allowed CrossHarbor to file "a statement regarding sanctions."

Given the court's own discussion of Blixseth's and Flynn's other conduct, and the court's broad language allowing CrossHarbor to file a statement, CrossHarbor's attorneys reasonably and prudently filed a statement including a full discussion of Blixseth's and Flynn's Yellowstone bankruptcy litigation in CrossHarbor's statements to advance or protect CrossHarbor's interest in recovering sanctions. *See, e.g., Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982). CrossHarbor's attorneys' time spent filing the optional statements was "useful and of a type ordinarily necessary to secure the final result obtained" and "crucial to the vindication of [CrossHarbor's] rights" to sanctions.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 24 of 80   Page ID #:24

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 16 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 15 of 40

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559
(1986).

CrossHarbor's requested hours and fees for the attorneys' work on the
sanctions statements are reasonable. But paralegal Stephanie Lenkiewicz's work
assembling documents, preparing excerpts of record, and filing the statements and
excerpts of record was clerical in nature and may not be awarded at the paralegal
hourly rates. *See Trs. of Constr. Indus. & Laborers Health & Welfare Trust v.
Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006); *Davis v. City & Cnty. of
San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992); *Action on Smoking & Health
v. CAB*, 724 F.2d 211, 222-23 (D.C. Cir. 1984). Accordingly, 17.7 hours and
$3,628.50 in fees are disallowed for Lenkiewicz's sanctions-related clerical work
on April 1, 3, 15, 17, 18, and 21, 2014.

With regard to the remaining 89.1 hours and $49,053.50 in fees for
CrossHarbor's statements regarding Blixseth's pro se response and Flynn's
response, it is reasonable to allocate half of these amounts to each statement.
Based on a review of Blixseth's pro se response and Flynn's response to the
court's order to show cause, CrossHarbor's statements regarding the responses,
and the attorneys' time sheets, it is difficult to separate the hours spent on
Blixseth's pro se response from the hours spent on Flynn's response. Blixseth's

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 25 of 80   Page ID #:25

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 17 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 16 of 40

pro se response consisted of 6 pages, and CrossHarbor's statement regarding it consisted of 18 pages. Flynn's response consisted of 20 pages, and CrossHarbor's statement regarding it consisted of 22 pages. There is slight overlap in the discussions of the the standard for sanctions and the scope of sanctionable conduct under Rule 38 and the court's inherent powers. But the statements for the most part address Blixseth or Flynn, and discuss their individual conduct as the basis for sanctions. The statement regarding Flynn also discussed § 1927 as additional authority for sanctions against Flynn.

Accordingly, 44.55 hours and $24,526.75 in fees for preparing CrossHarbor's statement regarding Blixseth's pro se response, which may not be awarded under Rule 38, are disallowed. In addition, 44.55 hours and $24,526.75 in fees for preparing CrossHarbor's statement regarding Flynn's response are awarded against Flynn alone under § 1927.

### c. Mitigation

Flynn argues that CrossHarbor's requested attorneys' fees and costs are unreasonable, and should be denied in full or reduced to a total sanction of no more than $10,000 against Flynn to be divided among all appellees. Flynn argues that CrossHarbor should have mitigated its fees and costs by filing a motion for sanctions during the bankruptcy court, district court, or court of appeals

Case 5:17-mc-00015-UA    Document 1    Filed 09/12/17    Page 26 of 80    Page ID #:26

Case 9:17-mc-00010-DLC-JCL    Document 1-1    Filed 08/03/17    Page 18 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 17 of 40

proceedings or by filing a motion for summary disposition during the court of

appeals proceedings, before this court issued its opinion and sua sponte order

requiring Blixseth and his attorneys to show cause why they should not be

sanctioned. Flynn also argues that, if Blixseth's claims were baseless, CrossHarbor

should have mitigated its fees and costs by resisting them less vigorously. Flynn's

argument lacks merit.

Flynn argues incorrectly that *Matter of Yagman*, 796 F.2d 1165, 1185 (9th

Cir. 1986) is directly applicable here. *Yagman* involved a trial court sanction

motion under the pre-1983 amendment version of Rule 11, which did not authorize

as the measure of a deterrent sanction an award of reasonable attorneys' fees and

other expenses directly resulting from the violation. *Id.* at 1185-86. In contrast,

this case involves a sua sponte court of appeals order to show cause regarding

sanctions under Rule 38, which authorizes an award of just damages that may

include attorneys' fees, and under § 1927, which authorizes an award of excess

costs, expenses, and attorneys' fees reasonably incurred because of the conduct.

*Yagman* does not support denying or reducing CrossHarbor's fees in this case.

In *Yagman*, this court reversed as an abuse of discretion a district court

judge's grant of Rule 11 sanctions. *Id.* at 1168, 1188. The sanctioning judge took

responsibility over the action one week before trial and, after directing a verdict,

Case 5:17-mc-00015-UA    Document 1    Filed 09/12/17    Page 27 of 80    Page ID #:27

Case 9:17-mc-00010-DLC-JCL    Document 1-1    Filed 08/03/17    Page 19 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 18 of 40

suggested to the defendants that they might have a Rule 11 sanctions motion. *Id.* at

1180. The defendants responded with a motion for lump-sum sanctions in the

amount of $250,000, which the district court awarded. *Id.* at 1180, 1182.

Defendants' expenses exceeded $293,000, and the district court found that the

lower amount took into account previous sanctions paid by Yagman for discovery

abuses. *Id.* at 1183.

Noting that the complaint had survived several motions for summary

judgment, this court determined that the sanctioning judge improperly accumulated

Yagman's perceived misconduct from filing through trial, and reevaluated its

seriousness, resulting in a single post-judgment retribution. *Id.* The court stated

that this procedure "flies in the face of the primary purpose of [Rule 11] sanctions,

which is to deter subsequent abuses," not to compensate injured parties. *Id.* The

court also determined that the amount of sanctions imposed was not sound,

because "[w]hen the sanctions award is based upon attorney's fees and related

expenses, an essential part of determining the reasonableness of the award is

inquiring into the reasonableness of the claimed fees." *See Yagman*, 796 F.2d at

1184-85. The court stated that implicit in this determination is the duty to mitigate

expenses, and that a court should scrutinize the amount claimed for fighting a

frivolous lawsuit. *Id.* at 1185.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 28 of 80   Page ID #:28
Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 20 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 19 of 40

*Yagman*'s caution against waiting until after trial to punish an offender is not

an inflexible rule, even in the Rule 11 context. *See Community Elec. Serv., Inc. v.*

*Nat'l Elec. Contractors Ass'n*, 869 F.2d 1235, 1242 (9th Cir. 1989) (district court

did not abuse its discretion in awarding Rule 11 sanctions where defendants filed a

motion within 30 days after the entry of judgment, the time required to request

attorneys' fees). The *Yagman* court itself stated that "we do not condemn as

inappropriate in all cases the procedure of withholding the sanctions decision until

the end of trial.  In some situations, liability under proper sanctioning authority will

not be immediately apparent or may not be precisely and accurately discernible

until a later time." *Matter of Yagman*, 796 F.2d at 1183.  "It is neither appropriate

nor possible for us to address every conceivable situation calling sanctions into

play.  The circumstances presented in each situation will, quite naturally, be unique

and may vary widely." *Id.* at 1184.

Here, CrossHarbor reasonably did not file a motion for sanctions earlier in

the proceedings.  CrossHarbor states in response that "Flynn's statements before

this Court . . . demonstrate the fervor (if not fanaticism) underlying Blixseth's and

Flynn's campaign to smear the reputation of Judge Kirscher and derail the

conformation of the Plan and [YCLT's] pursuit of claims against Blixseth."

CrossHarbor reasonably believed that, if sanctions had been sought or awarded

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 29 of 80   Page ID #:29

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 21 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 20 of 40

below, Blixseth and Flynn undoubtedly would have proceeded with appeals, thus

increasing the litigation cost to CrossHarbor with no assurance that the litigation

expenses would be recovered.

In addition, the court of appeals properly addressed sanctions when the

opinion was filed. Appeals differ from trials. The *Yagman* court expressed

concern that, during trial proceedings, attorneys should be sanctioned when

transgressions occur, or notified that sanctions will be assessed at the end of trial,

to deter subsequent abuses and prevent the accumulation of sanctions. *Id*. at 1183-

84. In contrast, Blixseth's and Flynn's frivolous arguments and Flynn's bad faith

conduct in this appeal, which involved multiple claims and a substantial record,

were not accurately discernible by the circuit judges until after the court studied the

briefs, conducted oral argument, issued its opinion, and ordered Blixseth and his

attorneys to show cause why they should not be sanctioned. *See Yagman*, 796 F.2d

at 1183; *see also McConnell*, 661 F.2d at 118 (appeal is frivolous when result is

obvious or arguments of error are wholly without merit).

Blixseth made 19 accusations of misconduct against the bankruptcy judge,

and the bankruptcy judge issued a 47-page decision addressing and rejecting those

accusations. *See Blixseth*, 796 F.3d at 1006-07. Blixseth's claims on appeal were

myriad and duplicative, and therefore this court addressed them by providing

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 30 of 80   Page ID #:30
Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 22 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 21 of 40

examples in three different categories. *See Blixseth*, 742 F.3d at 1219. Also, the court sanctioned Flynn in part for demonstrably inaccurate statements that he made at the oral argument. *See Blixseth*, 796 F.3d at 1007.

In the circumstances, CrossHarbor reasonably declined to file a motion for summary disposition of Blixseth's appeal, because such a motion may not have mitigated CrossHarbor's expenses. Motions to affirm should be filed only where "it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument." *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982); *see also* 9th Cir. R. 3-6. Where the outcome of a case is not obviously controlled by precedent and the insubstantiality of the questions is not manifest from the opening brief, "such a motion unduly burdens the parties and the court, and ultimately may even delay disposition of the appeal. We will not, therefore, ordinarily entertain a motion to affirm where an extensive review of the record of the district court proceedings is required." *Hooton*, 693 F.2d at 858.

In an appeal requiring extensive review like Blixseth's, a motion for summary disposition would not have been appropriate for resolution by a motions panel of the court. The court likely would have denied a motion for summary disposition in Blixseth's appeal without prejudice to CrossHarbor renewing the

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 31 of 80   Page ID #:31

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 23 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 22 of 40

arguments in the answering brief on the merits.  Thus, bringing a motion for

summary disposition might have increased, rather than mitigated, CrossHarbor's

expenses.

Flynn also argues that a sanction of no more than $10,000 should be

imposed against Flynn, to be divided among all appellees, citing as an example

*B&H Medical, L.L.C v. ABP Admin., Inc.*, 534 F.3d 801, 803 (6th Cir. 2008).

In *B&H*, the Sixth Circuit granted a motion for Rule 38 sanctions but, in its

discretion, reduced the movant's requested attorneys' fees from $152,846.11 to

$10,000.  *Id.*  The court considered the reduced amount a reasonable measure of

the costs required to prevail and sufficient to deter the frivolous litigation conduct.

*Id.  B&H* was a discretionary determination by the Sixth Circuit, and does not

govern the sanction amount determination here.

Also, Flynn does not and cannot show that a $10,000 lump sum is a

reasonable measure of CrossHarbor's and the other appellees' fees and non-taxable

costs to defend against Blixseth's and Flynn's frivolous appeal or to deter their

conduct.  *Cf. B&H*, 534 F.3d at 804.  Defending against even shallow claims can

require time, effort, and costly replies, particularly where, as in this case, the record

is extensive.  *See, e.g., Brandt v. Schal Assocs.*, Inc., 960 F.2d 640, 648 (7th Cir.

1992).

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 32 of 80   Page ID #:32

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 24 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 23 of 40

### d. Oral Argument

Flynn objects to CrossHarbor's request for 87.1 hours and $36,240.50 in

attorneys' fees, as well as $1,211.83 in travel costs, in connection with oral

argument.  Flynn argues that the request is unreasonable because it includes hours

spent by Lastowski and Hursh, who attended but did not present the oral argument.

James A. Patten, counsel for Yellowstone, presented the oral argument on behalf of

all appellees.  Flynn cites *Democratic Party of Washington State v. Reed*, 388 F.2d

1281, 1286 (9th Cir. 2004), where the court stated that "courts ought to examine

with skepticism claims that several lawyers were needed to perform a task, and

should deny compensation for such needless duplication as when three lawyers

appear for a hearing when one would do."  Flynn's argument lacks merit, but

certain hours and fees for oral argument-related clerical work must be disallowed.

Here, it was reasonable for partner Lastowski and local counsel Hursh to

prepare for, confer about, and attend the oral argument to represent CrossHarbor's

interests, even though the oral argument was presented by Yellowstone's counsel

Patten on behalf of all appellees.  In *Democratic Party*, the court also stated that

"[p]articipation of more than one attorney does not necessarily amount to

duplication of effort.  Courts must exercise judgment and discretion, considering

the circumstances of the individual case, to decide whether there was unnecessary

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 33 of 80   Page ID #:33
Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 25 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 24 of 40

duplication." *Democratic Party*, 388 F.2d at 1286-87; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.")

At oral argument, the court may have asked questions particular to CrossHarbor that Patten could not answer, but that Lastowski and Hursh could address.  "If [lawyers] are there because their assistance is or may be needed by the lawyer arguing that case. . . then the assistance is most definitely necessary." *Democratic Party*, 388 F.2d at 1287.  Because Lastowski and Hursh had worked on the case and would work on it later, they reasonably observed oral argument to determine how to proceed in the future.  *See id.*; *see also Moreno*, 534 F.3d at 1112.

CrossHarbor's requested hours and fees for attorney work in connection with oral argument are reasonable and are awarded.  But paralegal Lenkiewicz's preparation of an oral argument briefing binder for Lastowski was clerical work that may not be awarded at the paralegal hourly rates.  *See Trs. of Constr. Indus*, 460 F.3d at 1257; *Davis*, 976 F.2d at 1543.  Accordingly 0.8 hour and $156 in fees are disallowed for Lenkiewicz's oral argument-related clerical work on October 31, 2013.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 34 of 80   Page ID #:34

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 26 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 25 of 40

e. Duplication Of Effort

Flynn argues that CrossHarbor's requested fees and costs should be disallowed because of duplication of effort. Flynn argues that CrossHarbor and the other appellees filed a joint answering brief, but filed separate, duplicative applications for fees and costs. Flynn argues that CrossHarbor has not justified staffing the case with three attorneys and a paralegal from Duane Morris and with local counsel Hursh from Crowley Fleck. Flynn argues that appellees' joint briefing and CrossHarbor's use of two law firms caused duplication of effort and excessive, duplicative billing for emails, telephone conferences, and brief preparation and review. Flynn's argument lacks merit.

Flynn argues incorrectly that *Democratic Party* mandates disallowance of CrossHarbor's requested fees and costs for duplication of effort. *See Democratic Party*, 388 F.2d at 1286 ("[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication.") In *Democratic Party*, the court was not persuaded that there was needless duplication. *Id.* Similarly, a review of CrossHarbor's attorneys' time records and CrossHarbor's and the other appellees' fee applications reveals no needless duplication here.

MH/APPCOMM                          25                          12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 35 of 80   Page ID #:35

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 27 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 26 of 40

CrossHarbor's fee application reasonably reflects CrossHarbor's role in
preparing the joint answering brief and Cross Harbor's and Yellowstone's
mediation questionnaire and statements regarding Blixseth's and Flynn's responses
to the order to show cause, and does not duplicate the other appellees' fee
applications. Court rules encouraged the appellees to file a joint answering brief.
*See* Fed. R. App. P. 28(i). Nevertheless, the other appellees were entitled to be
represented by counsel of their choice, who had represented them in the lower
courts, and to file separate applications for their attorneys' fees.

Flynn also cites *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 619-20
(9th Cir. 1993), where the court approved a district court's discretionary denial of
fees as duplicative because a party had not justified the involvement of a second
law firm as necessary to success, rather than simply helpful. Yet CrossHarbor has
sufficiently justified its staffing of the appeal with the Duane Morris attorneys and
with local counsel Hursh of Crowley Fleck, who had been involved in the
extensive lower court proceedings. CrossHarbor explains that "it was necessary
for the attorneys who were familiar with the record before the Bankruptcy Court in
all the related proceedings dating back to 2008 to coordinate their efforts with the
attorneys who were assigned to perform the appellate briefing." *See also Kim v.
Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989) ("participation of more than

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 36 of 80   Page ID #:36

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 28 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 27 of 40

one attorney does not necessarily constitute an unnecessary duplication of effort,"

particularly given complex legal issues and breadth of factual evidence).

Moreover, since *Outdoor Systems*, this court has stated that "[t]he . . . court's

inquiry must be limited to determining whether the fees requested by this particular

legal team are justified for the particular work performed and the results achieved

in this particular case. . . . The court . . . may not attempt to impose its own

judgment regarding the best way to operate a law firm, nor to determine if different

staffing decisions might have led to different fee requests. The difficulty and skill

level of the work performed, and the result achieved . . . must drive the . . . court's

decision." *Moreno*, 534 F.3d at 1115.

Flynn also cites *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949

(9th Cir. 2007), where the court approved a district court's discretionary

determination that intra-office conferences between Welch's primary counsel and a

colleague were unnecessary and duplicative, because counsel had substantial

experience from having assumed sole responsibility for several hundred ERISA

matters, and Welch had not provided a persuasive justification for the meetings.

In contrast to *Welch*, a review of Flynn's examples of allegedly duplicative

work in his response to the fee application and accompanying spreadsheet reveals

no unnecessary or unjustified duplication of effort. As CrossHarbor states, the

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 37 of 80   Page ID #:37

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 29 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 28 of 40

coordination of effort among the attorneys familiar with the case and the attorneys performing the briefing "necessarily required those attorneys to review each other's work and to provide information and input with respect to matters in which they had participated over that period of some seven years."

Regarding Flynn's examples, on January 4, 2013, Moore reasonably billed 0.3 hour and Lastowski reasonably billed 0.3 hour for an email exchange with Hursh to discuss the possibility of filing a motion to dismiss the appeal, given that the attorneys' offices are located in different cities. (Flynn argues elsewhere that CrossHarbor should have filed a motion to dismiss to mitigate its damages.) On July 18 and 22, 2013, lead partner Moore reasonably billed 0.4 hours, partner Lastowski billed 0.8 hours, and local counsel Hursh reasonably billed 0.8 hours for reviewing Blixseth's 6,999-word reply brief after it was filed. On March 25, 2014, Hitchings and Lastowski each reasonably billed 0.7 hour and Moore reasonably billed 0.9 hour for a conference call after the sanctions responses were filed, because Moore used additional time for "necessary follow up and coordination." Also, Lastowski, Moore, and Hursh reasonably billed for conference call preparation. On April 7, 2014, Moore reasonably billed 0.6 hour and Lastowski reasonably billed 0.7 hour for a further conference call regarding the sanctions statements.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 38 of 80   Page ID #:38

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 30 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 29 of 40

Flynn argues that nearly all of the work performed by partner Moore

duplicated work performed by others. In his role as the supervising partner,

however, Moore reasonably spent time reviewing Blixseth's submissions and

reviewing and revising the work of the other Duane Morris attorneys and local

counsel Hursh. In addition, Lastowski states in a declaration that Duane Morris

has already exercised billing judgment by excluding $34,762.50 in fees for work

by supervising partner Moore.

    f. Hourly Rates

      i. Evidentiary Burden Satisfied

Flynn argues that CrossHarbor's requested fees should be denied in full

because CrossHarbor has not met "the burden . . . to produce satisfactory evidence

-- in addition to the attorney's own affidavits -- that the requested rates are in line

with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation." *Blum v. Stenson*,

465 U.S. 196 n.11 (1984). Flynn's argument lacks merit.

*Blum* does not mandate denying CrossHarbor's requested fees. CrossHarbor

has met its evidentiary burden by providing two attorney declarations, one of

which cites a previous Ninth Circuit fee award. In support of the request for

hourly rates of $195 and $205 per hour for a paralegal and $345 to $795 for

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 39 of 80   Page ID #:39

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 31 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 30 of 40

attorneys with 2 to 34 years of experience from the Boston, Massachusetts and

Wilmington, Delaware offices of Duane Morris, and for hourly rates of $245 to

$260 for local counsel with 9 to 12 years of experience from the Missoula,

Montana office of Crowley Fleck, CrossHarbor provides the declarations of

Lastowski and Hursh.

Lastowski states that the hourly rates that Duane Morris charged and

CrossHarbor has paid are the "preferred" hourly billing rates DuaneMorris

regularly charges to its clients, which are discounted from DuaneMorris's

"national standard" billing rates. Lastowski states that the requested hourly rates

"are comparable to the rates charged by large private law firms in national

bankruptcy cases," citing *Taleff v. Southwest Airlines Co.*, No. 11-16173 (9th Cir.

Mar. 21, 2013) (Order), where this court awarded in an antitrust case hourly rates

of $207 for a paralegal and $486 to $986 for attorneys with 3 to 27 years of

experience from the Washington, D.C. and Palo Alto, California offices of

Skadden, Slate, Meagher & Flom LLP.

Hursh states that the hourly rates that Crowley Fleck charged to CrossHarbor

are the hourly rates that Crowley Fleck regularly charges to its clients, and that

Crowley Fleck's billing rates are comparable to the rates charged by law firms that

are similar in size and have a regional presence.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 40 of 80   Page ID #:40

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 32 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 31 of 40

ii. Reasonable Hourly Rates

Flynn argues that CrossHarbor's requested hourly rates for the attorneys
from Duane Morris's Wilmington, Delaware and Boston, Massachusetts offices are
unreasonable and should be reduced to $250, the hourly rate of Yellowstone's
Montana attorney Patten, who had 35 years of experience. (Flynn does not object
to the requested $195 and $205 hourly rates for the Duane Morris paralegal and
$245 and $260 hourly rates for local counsel Hursh of Crowley Fleck in Missoula,
Montana.) Flynn argues that "[t]he relevant community is generally defined as
'the forum in which the district court sits,'" and that in this case the relevant
community is Montana, citing *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d
1049, 1053 (9th Cir. 2009). Flynn's argument lacks merit.

In *Christensen*, the court rejected the approach of defining the relevant
community for Longshore and Harbor Workers' Compensation Act ("LHWCA")
cases by looking solely to awards in other LHWCA cases in the same geographic
region. *Id.; see also Shirrod v. Dir., OWCP*, 809 F.3d 1082, 1086 (9th Cir. 2015).
The *Christensen* court adopted instead the approach of awarding fees
"commensurate with those which [counsel] could obtain by taking other types of
cases," as the court had done in a Fair Debt Collection Practices Act ("FDCPA")
case in *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). *See*

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 41 of 80   Page ID #:41
Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 33 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 32 of 40

*Christensen*, 557 F.3d at 1053-54; *see also Shirrod*, 809 F.3d at 1086; *Van Skike v.*
*Dir., OWCP*, 557 F.3d 1041, 1046-47 (9th Cir. 2009). Recognizing the
decisionmaker's wide discretion in making attorneys' fee awards, the *Christensen*
court left it to the decisionmaker to determine the "relevant community" and the
prevailing market rates in that community, as long as the decisionmaker provides
adequate justification. *See Christensen*, 557 F.3d at 1055; *see also Shirrod*,
809 F.3d at 1087.

In *Shirrod*, this court acknowledged that the relevant community may
depend on the facts of specific cases, and declined to construct a bright-line rule.
*See Shirrod*, 809 F.3d at 1088 n.5. The court stated that "because district courts
are not involved in cases under the Longshore Act, we must look to other indicia to
determine where the litigation took place and, thus, which is the 'relevant
community.'" *Id.* at 1087. The court considered factors such as the location of
counsel's offices and where the hearings occurred. *Id.*

CrossHarbor's Duane Morris attorneys' offices are in Boston, Massachusetts
and Wilmington, Delaware. The parties' electronic filings were submitted to the
court of appeals in San Francisco, California. The attorneys traveled to Seattle,
Washington for oral argument. Thus, the relevant community for Duane Morris's
work in this appeal is a national one, as CrossHarbor contends. This approach

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 42 of 80   Page ID #:42
Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 34 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 33 of 40

results in an award of fees commensurate with those which Duane Morris could

obtain by taking other cases. *See Camacho*, 523 F.3d at 981.

Therefore, the award in *Taleff* of hourly rates of $207 for a paralegal and

$486 to $986 for attorneys with 3 to 27 years of experience from the Washington,

D.C. and Palo Alto, California offices of Skadden, Slate, Meagher & Flom LLP

supports awarding CrossHarbor's requested rates, which are in line with the hourly

rates awarded in *Taleff*. Also, "[t]hat a lawyer charges a particular hourly rate, and

gets it, is evidence bearing on what the market rate is, because the lawyer and his

clients are part of the market." *Carson v. Billings Police Dep't*, 470 F.3d 889, 892

(9th Cir. 2006). Flynn does not provide rebuttal evidence to show that

CrossHarbor's requested hourly rates for Duane Morris are not in line with

prevailing market rates in the national community, arguing only that the relevant

community is Montana. *See Camacho*, 523 F.3d at 980. CrossHarbor's requested

hourly rates are awarded.

### g. Fees Available For Matters Other Than Briefing

Flynn argues that the court ordered him to show cause based on the appellate

briefing, and that the court imposed sanctions based on the appellate briefing.

Therefore, Flynn argues, he cannot be required to pay CrossHarbor's attorneys'

fees for matters other than the appellate briefing, specifically, for opposing

Case 5:17-mc-00015-UA    Document 1    Filed 09/12/17    Page 43 of 80    Page ID #:43

Case 9:17-mc-00010-DLC-JCL    Document 1-1    Filed 08/03/17    Page 35 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 34 of 40

Blixseth's emergency motion to stay proceedings pending adjudication of his

judicial misconduct complaint and for appellees' statements regarding Blixseth's

pro se response and Blixseth's attorneys' responses to the order to show cause.

Flynn also argues that he cannot be required to pay fees based on conduct unrelated

to the briefing, specifically, for his conduct at oral argument and for lack of candor

to the court.  Flynn's argument lacks merit.

Flynn cites *Yagman*, 796 F.2d at 1184, and *Lloyd v. Schlag*, 884 F.2d 409,

413 (9th Cir. 1989), where the court stated that a sanctioning court "should at a

minimum provide notice," take "prompt action" to assess sanctions at a point in the

proceedings clearly related to the transgression, and issue an award "properly

itemized in terms of the perceived misconduct and the sanctioning authority."

Flynn also cites *Foster v. Wilson*, 504 F.3d 1046, 1052-53 (9th Cir. 2007), where

the court stated that "before sanctions may be imposed upon a party there must be

sufficient, advance notice of exactly which conduct was alleged to be

sanctionable," and the requirements of due process in general.

The court's sanction complies in all respects with the notice and due process

requirements identified in *Yagman*, *Lloyd*, and *Foster*.  The court's opinion and

contemporaneous order to show cause described Blixseth's and his attorneys'

meritless accusations of misconduct against the bankruptcy judge and pattern of

Case 5:17-mc-00015-UA Document 1 Filed 09/12/17 Page 44 of 80 Page ID #:44

Case 9:17-mc-00010-DLC-JCL Document 1-1 Filed 08/03/17 Page 36 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 35 of 40

sanctionable behavior in the appellate proceedings and in other proceedings

resulting from the Yellowstone bankruptcy. The court ordered Blixseth and his

attorneys "to show cause, if any there be, why they should not be sanctioned

$5,000 each and ordered to pay the attorneys' fees and costs incurred by appellees

in defending against these meritless claims."

 The court allowed Blixseth and his attorneys to file responses to the order to

show cause within 30 days, and allowed the other parties to file statements within

30 days after the filing of any response. Blixseth and his attorneys could file

replies within 14 days after the filing of the last statement. After hearing from and

considering the responses of all interested parties, the court sanctioned Blixseth

and Flynn under Rule 38 for pressing the frivolous appeal and sanctioned Flynn

under § 1927 for acting in bad faith and engaging in unprofessional conduct during

the appellate proceedings and in responding to the order to show cause. *See*

*Blixseth*, 796 F.3d at 1007-09. The court ordered Blixseth and Flynn to pay

appellees' attorneys' fees and costs in defending against the appeal, and to pay

$500 each to the Clerk. *Id*. at 1008-09.

 Defending against the appeal included opposing Blixseth's emergency

motion to stay the appeal, and therefore Blixseth and Flynn may be required to pay

appellees' fees in connection with the motion. YCLT filed the only opposition to

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 45 of 80   Page ID #:45

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 37 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 36 of 40

Blixseth's emergency motion to stay the appeal, however, and CrossHarbor's requested attorneys' fees in connection with the opposition are minimal and do not duplicate YCLT's requested fees. As discussed above in section II(A)(2)(b), Flynn also may be required to pay CrossHarbor's fees for preparing a statement regarding Flynn's response to the order to show cause.

The court's opinion, the court's contemporaneous order to show cause, and appellees' statements regarding Blixseth's pro se response and Blixseth's attorneys' responses to the order to show cause put Blixseth and Flynn on notice as to the particular factors that must be addressed to avoid sanctions. *See Foster*, 504 F.3d at 1052; *see also Blixseth*, 796 F.3d at 1007. Blixseth and Flynn were not sanctioned on any ground that was not included in the opinion, the order to show cause, or the appellees' statements. *Cf. Foster*, 504 F.3d at 1052.

In particular, Flynn was sanctioned in part for not retracting demonstrably inaccurate statements to the court at oral argument, and these statements were described in the opinion. *See Blixseth*, 796 F.3d at 1007 (citing *Blixseth*, 742 F.3d at 1220 & n.2). Flynn also was sanctioned in part for proffering two extra-record emails allegedly obtained from Blixseth's ex-wife's account without even alluding to the fact that they had been shown to be forged. *See Blixseth*, 796 F.3d at 1008. The forged emails were discussed in YCLT's opposition to the motion for stay, in

CrossHarbor's statement regarding Flynn's response to the order to show cause,

and in the court's sanction order. *Id.* CrossHarbor's statements cited Rule 38 and

§ 1927 as the authority for sanctions, and discussed with respect to § 1927 Flynn's

bad faith conduct.

Moreover, Blixseth and Flynn had opportunities to request rehearing of the

court's opinion, to respond to the order to show cause, to reply to appellees'

statements, and to file a petition for a writ of certiorari in the United States

Supreme Court seeking review of the court's opinion and orders. *Cf. Foster*,

504 F.3d at 1052-53. Despite taking advantage of these opportunities, Flynn has

not successfully attacked the sanctions order. Therefore, Flynn can be required to

pay fees based on his conduct at oral argument and for lack of candor to the court.

3.   Reasonable Attorneys' Fees

In section II(A)(2)(b)(ii), 44.55 hours and $24,526.75 in fees were

disallowed for preparing CrossHarbor's statement regarding Blixseth's pro se

response to the order to show cause.

In sections II(A)(2)(b)(ii) and II(A)(2)(d), 18.5 hours and $3,784.50 in fees

were disallowed for Lenkiewicz's sanctions-related and oral argument-related

clerical work that was billed at paralegal hourly rates. In addition, 0.6 hour and

$119 in fees are disallowed for Lenkiewicz's clerical filing work that was billed at

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 47 of 80   Page ID #:47

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 39 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 38 of 40

paralegal hourly rates on November 5, 2013 and February 28, 2014. *See Trs. of Constr. Indus*, 460 F.3d at 1257; *Davis*, 976 F.2d at 1543.

CrossHarbor's remaining 306.35 hours and $128,738.75 in fees were reasonably expended, and they are awarded.

B.  Non-Taxable Costs

CrossHarbor requests the award of non-taxable costs in the amount of $2,208.58 for hotel and air travel expenses in connection with oral argument and Lexis legal research.  Flynn presents the same arguments against awarding CrossHarbor's non-taxable costs that have been discussed above with respect to awarding CrossHarbor's attorneys' fees.

CrossHarbor requests $996.75 in Lexis legal research costs, but $539.32 billed from March 28, 2014 through April 18, 2014 is attributable to CrossHarbor's statements regarding Blixseth's pro se response and Flynn's response to the order to show cause.  As discussed in section II(A)(2)(b), these costs may not be awarded under Rule 38, but half of the costs can be attributed to CrossHarbor's statement regarding Flynn's response and awarded against Flynn under § 1927.  Thus, $269.66 in Lexis legal research costs attributable to CrossHarbor's statement regarding Blixseth's pro se response are disallowed.

Case 5:17-mc-00015-UA  Document 1  Filed 09/12/17  Page 48 of 80  Page ID #:48
Case 9:17-mc-00010-DLC-JCL  Document 1-1  Filed 08/03/17  Page 40 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 39 of 40

CrossHarbor's remaining requested non-taxable costs are reasonable and may be awarded. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579-82 (9th Cir. 2010). Thus, non-taxable costs in the amount of $1,669.26 are awarded against Blixseth and Flynn under Rule 38 and § 1927, and non-taxable costs in the amount of $269.66 are awarded against Flynn under § 1927.

C. Liability

Attorneys' fees and non-taxable costs in the amount of $105,881.26 are awarded jointly and severally against Blixseth and Flynn under Rule 38 and § 1927. *See Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1407 n.8 (9th Cir. 1985); *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1138 (1984); *McConnell*, 661 F.2d at 118-19. Attorneys' fees and non-taxable costs in the amount of $24,796.41 are awarded against Flynn under § 1927.

### III
### Conclusion

Flynn's motion for reconsideration (Docket Entry No. 146) is granted in part. The amended order at Docket Entry No. 144 is vacated and this second amended order is substituted.

Pursuant to the court's order at Docket Entry No. 106, attorneys' fees and non-taxable costs in the amount of $105,881.26 are awarded under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 in favor of CrossHarbor Capital

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 49 of 80   Page ID #:49

Case 9:17-mc-00010-DLC-JCL   Document 1-1   Filed 08/03/17   Page 41 of 41
Case: 12-35986, 12/01/2016, ID: 10217166, DktEntry: 148, Page 40 of 40

Partners, LLC and CIP Sunrise Ridge Owner LLC and jointly and severally against

Timothy L. Blixseth and Michael J. Flynn. *See Blixseth v. Yellowstone Mountain*

*Club, LLC*, 796 F.3d 1004, 1008-09 (9th Cir. 2015).

Pursuant to the court's order at Docket Entry No. 106, attorneys' fees and

non-taxable costs in the amount of $24,796.41 are awarded under 28 U.S.C. § 1927

in favor of CrossHarbor Capital Partners, LLC and CIP Sunrise Ridge Owner LLC

and against Michael J. Flynn. *Id.*

This second amended order amends the court's mandate.

## EXHIBIT A-2

**Amended Order re: Brian A. Glasser's and Yellowstone Club Liquidating Trust's
Application for Attorneys' Fees and Non-Taxable Costs
*Blixseth v. Yellowstone Mountain Club, LLC*, et al.,
Case No. 12-35986 (9th Cir. Dec. 1, 2016)**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 01 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TIMOTHY L. BLIXSETH, | No. 12-35986 |
| Appellant, | D.C. No. 11-CV-73-SEH |
| v. | District of Montana, |
| | Butte |
| YELLOWSTONE MOUNTAIN CLUB, LLC; AD HOC GROUP OF CLASS B UNIT HOLDERS; CIP SUNRISE RIDGE OWNER LLC; CIP YELLOWSTONE LENDING LLC; CROSSHARBOR CAPITAL PARTNERS, LLC; BRIAN A. GLASSER; CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH; YELLOWSTONE CLUB LIQUIDATING TRUST, | **AMENDED ORDER** RE: BRIAN A. GLASSER'S AND YELLOWSTONE CLUB LIQUIDATING TRUST'S APPLICATION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS |
| Appellees. | |

A TRUE COPY
ATTEST 07/20/2017
MOLLY C. DWYER
Clerk of Court
by: _____
Deputy Clerk

Before:  Peter L. Shaw, Appellate Commissioner

I

Background

    The Appellate Commissioner filed an order awarding attorneys' fees and

non-taxable costs, and Michael J. Flynn filed a motion for reconsideration of the

order.  Flynn's motion for reconsideration (Docket Entry No. 146) is granted in

part.  The order at Docket Entry No. 143 is vacated and this amended order is

MH/APPCOMM                                                                  12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 52 of 80   Page ID #:52
Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 3 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 2 of 17

substituted.  In the amended order, the analysis in section II(A)(2)(b) and the

resulting award have been revised.

The facts are stated in the contemporaneously filed second amended order

awarding attorneys' fees and non-taxable costs to CrossHarbor Capital Partners,

LLC and CIP Sunrise Ridge Owner LLC (together, "CrossHarbor").  This amended

order addresses the application for attorneys' fees and non-taxable costs filed by

Brian A. Glasser, Trustee, and Yellowstone Club Liquidating Trust (together,

"YCLT").  Flynn, attorney for Timothy L. Blixseth, filed responses to YCLT's

application, and to the applications of Yellowstone Mountain Club, LLC and CIP

Yellowstone Lending LLC (together, "Yellowstone") and CrossHarbor.

CrossHarbor and YCLT filed replies; Yellowstone joined in CrossHarbor's reply.

## II
## Analysis

A.  Attorneys' Fees

1.  YCLT's Request

YCLT requests attorneys' fees in the amount of $57,942 for 170.6 hours of

2013-14 work at $195 to $440 per hour by five attorneys from Mullin Hoard &

Brown, LLP in Amarillo, Texas, as follows:

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 53 of 80   Page ID #:53
Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 4 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 3 of 17

| Professional | Title | Admit | Year | Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Steve Hoard | Partner | 1979 | 2013 | $440 | 0.5 | $       220.00 |
| John Turner | Partner | 1989 | 2013-14 | $350 | 39.1 | $ 13,685.00 |
| Robert Bell | Partner | 1993 | 2013-14 | $350 | 117.4 | $ 41,090.00 |
| Beth Chermel | Associate | 2010 | 2013 | $220 | 11.8 | $   2,596.00 |
| M. Alexander | Associate | 2013 | 2013 | $195 | 1.8 | $       351.00 |
| Total | | | | | 170.6 | $ 57,942.00 |

On Ninth Circuit Form 9, YCLT states that the attorneys spent the requested hours as follows:

| Service Category | SH | JT | RB | BC | MA | Total |
|---|---|---|---|---|---|---|
| Conferences | 0.5 | 0 | 2.4 | 0 | 0 | 2.9 |
| Records | 0 | 0 | 8.0 | 5.8 | 0 | 13.8 |
| Research | 0 | 0 | 6.0 | 6.0 | 0 | 12.0 |
| Briefs | 0 | 10.0 | 51.5 | 0 | 0 | 61.5 |
| Argument | 0 | 0.8 | 27.0 | 0 | 0 | 27.8 |
| OSC Statement | 0 | 28.3 | 22.5 | 0 | 1.8 | 52.6 |
| Total Hours | 0.5 | 39.1 | 117.4 | 11.8 | 1.8 | 170.6 |

YCLT requests fees for preparing a portion of the 13,043-word joint answering brief on behalf of all appellees, and for preparing a motion to substitute Brian A. Glasser for Mark S. Kirschner as Trustee, a motion to consolidate appeals, a reply to Blixseth's opposition to the motion to consolidate, an opposition

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 54 of 80   Page ID #:54

Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 5 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 4 of 17

to Blixseth's emergency motion for a stay of proceedings pending adjudication of

his judicial misconduct complaint accompanied by a notice and motion for leave to

file under seal, and a 12-page statement regarding Blixseth's pro se response and

Blixseth's attorneys' responses to the court's order to show cause.

YCLT also requests fees for Bell's attendance at oral argument in Seattle,

Washington.  YCLT states that its attorneys "took great care to ensure the

appropriateness of the time for which an award is being requested."  YCLT does

not request fees for preparing a mediation questionnaire, a notice of dismissal of an

involuntary bankruptcy, or the portions of YCLT's statement regarding the order to

show cause responses filed by Blixseth's attorneys who were not sanctioned.

In an accompanying declaration, Bell states that the accompanying time

records "accurately reflect the tasks performed on each date and the amount of time

spent by each lawyer on each task."  Bell states that the services rendered and the

fees and costs incurred were reasonable and necessary given the nature of the

appeal and the complexity of the issues involved.  Hursh states that the requested

fees are reasonable and appropriate.

2. Flynn's Objections

Flynn objects to YCLT's requested attorneys' fees on a number of grounds,

arguing that YCLT's fees should be denied in full.  In the alternative, Flynn

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 55 of 80   Page ID #:55

Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 6 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 5 of 17

requests that the court impose a $10,000 sanction against him to be divided among
all appellees as they see fit.

> a. Flynn's Appearance

As Flynn did in opposing CrossHarbor's application, Flynn argues that he
cannot be held liable for YCLT's fees and costs incurred before he filed a notice of
appearance. Flynn objects on this ground to $28,147 in fees and costs requested by
YCLT. Flynn's argument lacks merit for the reasons stated in the
contemporaneously filed second amended order awarding fees and costs to
CrossHarbor.

> b. YCLT's Statements Regarding Sanctions

Flynn objects to YCLT's request for 52.6 hours and $18,131 in attorneys'
fees for preparing YCLT's statement regarding Blixseth's pro se response and
Blixseth's attorneys' responses to the order to show cause. As Flynn did in
opposing CrossHarbor's application, Flynn argues that the court may not include
the expense of litigating the order to show cause in the attorney's fees and costs
that the court ordered Blixseth and Flynn to pay as a sanction. Flynn's argument
has partial merit, as stated in the contemporaneously filed second amended order
awarding fees and costs to CrossHarbor.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 56 of 80   Page ID #:56
Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 7 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 6 of 17

YCLT has already excluded fees for preparing the portions of YCLT's statement regarding the order to show cause responses filed by Blixseth's attorneys who were not sanctioned, so the hours and fees requested here are attributable only to Blixseth's pro se response and Flynn's response. A review of Blixseth's pro se response and Flynn's response to the court's order to show cause, YCLT's statement regarding the responses, and the attorneys' time sheets reveals that it is difficult to separate the hours spent on Blixseth's pro se response from the hours spent on Flynn's response. The facts and argument in YCLT's statement regarding the responses from Blixseth and Flynn are generally addressed together.

In the circumstances, it is reasonable to allocate half of the 52.6 hours and $18,131 in attorneys' fees to the statement regarding Blixseth's pro se response, and the other half to the statement regarding Flynn's response. Accordingly, 26.3 hours and $9,065.50 in fees for preparing YCLT's statement regarding Blixseth's pro se response, which may not be awarded Federal Rule of Appellate Procedure 38, are disallowed. However, 26.3 hours and $9,065.50 in fees for preparing YCLT's statement regarding Flynn's response are awarded against Flynn alone under 28 U.S.C. § 1927.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 57 of 80   Page ID #:57

Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 8 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 7 of 17

### c. Mitigation

As Flynn did in opposing CrossHarbor's application, Flynn argues that
YCLT's requested attorneys' fees and costs are unreasonable, and should be denied
in full or reduced to a total sanction of no more than $10,000 against Flynn to be
divided among all appellees.  Flynn argues that YCLT should have mitigated its
fees and costs by filing a motion for sanctions during the bankruptcy court, district
court, or court of appeals proceedings, or a motion for summary disposition during
the court of appeals proceedings, before this court issued its opinion and sua sponte
order requiring Blixseth and his attorneys to show cause why they should not be
sanctioned.  Flynn also argues that, if Blixseth's claims were baseless, YCLT
should have mitigated its fees and costs by resisting them less vigorously.  Flynn's
argument lacks merit for the reasons stated in the contemporaneously filed second
amended order awarding fees and costs to CrossHarbor.

### d. Oral Argument

Flynn objects to YCLT's request for 27.8 hours and $9,730 in attorneys'
fees, as well as $1,704.40 in travel costs, for lead partner Bell's preparation for,
conferences about, and attendance at oral argument.  As Flynn did in opposing
CrossHarbor's application, Flynn argues that the request is unreasonable, because
Bell did not present oral argument.  James A. Patten, counsel for Yellowstone,

presented the oral argument on behalf of all appellees.  Flynn's argument lacks

merit for the reasons stated in the contemporaneously filed second amended order

awarding fees and costs to CrossHarbor.

> e.  Adequate Documentation

Flynn argues that YCLT's requested fees are irreconcilable with YCLT's

attorneys' time records, and therefore YCLT's requested fees should be denied in

full.  Flynn argues that "one cannot make sense of exactly what increment of time

goes to which [Ninth Circuit Form 9] category" and that "instead of providing a

clear indicator about what activity is deemed drafting or legal research, a subject

determination into the entry is all one is left with."  Flynn's argument lacks merit.

A review of YCLT's fee application and the accompanying time records

shows that YCLT has satisfied the burden of adequately documenting the hours

expended, and therefore denial of the fee application is not warranted on this

ground.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 & n.12 (1983); *Fischer*

*v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).  "Plaintiff's counsel . . . is

not required to record in great detail how each minute of his time was expended.

But at least counsel should identify the general subject matter of his time

expenditures."  *Hensley*, 461 U.S. at 437 n.12; *see Fischer*, 214 F.3d at 1121.

YCLT provides its attorneys' computer-generated invoice containing a detailed

Case 5:17-mc-00015-UA    Document 1    Filed 09/12/17    Page 59 of 80    Page ID #:59

Case 9:17-mc-00010-DLC-JCL    Document 1-2    Filed 08/03/17    Page 10 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 9 of 17

itemization of the tasks performed each date and the amount of time spent by each

lawyer on each task, which is sufficient to meet the burden. *See* 9th Cir. R. 39-1.6.

Regarding Flynn's examples, YCLT was not required to code the attorneys'

time entries to correspond to the categories in Ninth Circuit Form 9, as

CrossHarbor did. YCLT's attorneys' entries stating "worked on 9th Circuit brief,"

without specifying whether the work was research or drafting, are adequate to

allow the court to determine whether the time was reasonably expended.

Moreover, Bell and Turner reasonably worked on the answering brief on the same

day, and Bell reasonably spent time reviewing CrossHarbor's filing, to secure the

result obtained on appeal. *See Pennsylvania v. Del. Valley Citizens' Council for

Clean Air*, 478 U.S. 546, 559 (1986); *Moreno v. City of Sacramento*, 543 F.3d

1106, 1112, 1115 (9th Cir. 2008); *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830,

839 (9th Cir. 1982).

### f. Duplication Of Effort

Flynn argues that YCLT's requested fees and costs should be disallowed or

reduced by $19,996 because of duplication of effort. As Flynn did in opposing

CrossHarbor's application, Flynn argues that YCLT and the other appellees filed a

joint answering brief, but filed separate, duplicative applications for fees and costs.

Flynn argues that appellees' joint briefing caused duplication of effort and

Case 5:17-mc-00015-UA  Document 1  Filed 09/12/17  Page 60 of 80  Page ID #:60

Case 9:17-mc-00010-DLC-JCL  Document 1-2  Filed 08/03/17  Page 11 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 10 of 17

excessive, duplicative billing for emails, telephone conferences, and brief review.

Flynn's argument lacks merit. For the most part, Flynn's argument is addressed in

the contemporaneously filed second amended order awarding fees and costs to

CrossHarbor. The portions of the argument that are particular to YCLT are

discussed below.

YCLT's fee application reasonably reflects YCLT's role in preparing the

joint answering brief, and does not duplicate the other appellees' fee applications.

A review of YCLT's attorneys' time records and YCLT's and the other appellees'

fee applications, as well as Flynn's examples of allegedly duplicative work in a

spreadsheet accompanying his response to the fee application, reveals no

unnecessary or unjustified duplication of effort on appeal. Bell and Turner, who

had extensive knowledge about this case and related matters, were the primary

attorneys for YCLT. As YCLT states, the coordination of effort among the

attorneys familiar with the case and the attorneys performing the briefing

"necessarily required those attorneys to review each other's work and to provide

information and input with respect to matters in which they had participated over

that period of some seven years."

Specifically, Flynn objects to YCLT's request for 90.2 hours and $30,081 in

fees for interviews and conferences, obtaining and reviewing records, legal

MH/APPCOMM                              10                          12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 61 of 80   Page ID #:61
Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 12 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 11 of 17

research, and preparing briefs. Yet a review shows that YCLT's attorneys

reasonably expended these hours to protect YCLT's interests and secure the result

obtained on appeal. *Id.* In particular, lead partner Bell reasonably expended 51.5

hours and Turner reasonably expended 10 hours in connection with preparing the

joint answering brief, although CrossHarbor's attorneys also spent 91 hours

preparing the joint answering brief.

      g. Hourly Rates

        i. Evidentiary Burden Satisfied

Flynn argues that YCLT's requested fees should be denied in full because

YCLT has not met "the burden . . . to produce satisfactory evidence -- in addition

to the attorney's own affidavits -- that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 196 n.11

(1984). Flynn's argument lacks merit.

*Blum* does not mandate denying YCLT's requested fees. YCLT has met its

evidentiary burden by providing Bell's declaration, which cites a previous Ninth

Circuit fee award, to support the requested hourly rates of $195 for associate

Alexander, who had less than one year of experience; $220 for associate Chermel,

who had three years for experience; $350 for partners Bell and Turner, who had 20

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 62 of 80   Page ID #:62

Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 13 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 12 of 17

and 24 years of experience, respectively; and $440 for partner Hoard, who had 34
years of experience.

Bell states that "[t]he hourly rates . . . charged . . . are the hourly rates which
Mullin Hoard & Brown regularly charges to its clients and for which it is regularly
paid." Bell states that "[b]ased on the national practice of the Firm, I am aware of
the rates charged by attorneys both in the geographic region where Mullin Hoard &
Brown is located [Amarillo, Texas] and by attorneys in large national firms who
are often on the opposite side of complex commercial cases in which Mullin Hoard
& Brown has been retained. . . . Mullin Hoard & Brown's billing rates are
comparable to the law firms in its geographic region and are typically lower than
the rates charged by large private firms in national commercial litigation and
bankruptcy cases and appeals in the United States."

Bell's declaration also cites *Taleff v. Southwest Airlines Co.*, No. 11-16173
(9th Cir. Mar. 21, 2013) (Order), where this court awarded in an antitrust case
hourly rates of $207 for a paralegal and $486 to $986 for attorneys with 3 to 27
years of experience from the Washington, D.C. and Palo Alto, California offices of
Skadden, Slate, Meagher & Flom LLP.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 63 of 80   Page ID #:63
Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 14 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 13 of 17

ii. Reasonable Hourly Rates

Flynn argues that YCLT's requested $350 and $440 hourly rates for the

Mullin Hoard & Brown partners are unreasonable and should be reduced to $250,

the hourly rate of Yellowstone's Montana attorney Patten, who had 35 years of

experience.  (Flynn does not object to the $195 and $220 hourly rates requested for

the Mullins Hoard & Brown associates.)  Flynn argues that "[t]he relevant

community is generally defined as 'the forum in which the district court sits,'" and

that in this case the relevant community is Montana, citing *Christensen v.*

*Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009).  Flynn's argument

lacks merit.  For the most part, Flynn's argument is addressed in the

contemporaneously filed second amended order awarding fees and costs to

CrossHarbor.  The portions of the argument particular to YCLT are discussed

below.

YCLT's attorneys' offices are in Amarillo, Texas.  The parties' electronic

filings were submitted to the court of appeals in San Francisco, California.  The

attorneys traveled to Seattle, Washington for oral argument.  Thus, the relevant

community for YCLT's attorneys work in this appeal is a national one, as YCLT

contends.  This approach results in an award of fees commensurate with those

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 64 of 80   Page ID #:64

Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 15 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 14 of 17

which YCLT's attorneys could obtain by taking other cases. *See Camacho*, 523 F.3d at 981.

Therefore, the award in *Taleff* of hourly rates of $207 for a paralegal and $486 to $986 for attorneys with 3 to 27 years of experience from the Washington, D.C. and Palo Alto, California offices of Skadden, Slate, Meagher & Flom LLP supports awarding YCLT's requested partner rates, which are lower than the hourly rates awarded in *Taleff*. Also, "[t]hat a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). Flynn does not provide rebuttal evidence to show that YCLT's requested hourly rates for the partners are not in line with prevailing market rates in the national community, arguing only that the relevant community is Montana. *See Camacho*, 523 F.3d at 980. YCLT's requested hourly rates are awarded.

### h. Fees Available For Matters Other Than Briefing

As Flynn did in opposing CrossHarbor's application, Flynn argues that the court ordered him to show cause based on the appellate briefing, and that the court imposed sanctions based on the appellate briefing. Therefore, Flynn argues, he cannot be required to pay YCLT's attorneys' fees for matters other than the

Case 5:17-mc-00015-UA    Document 1 · Filed 09/12/17    Page 65 of 80    Page ID #:65

Case 9:17-mc-00010-DLC-JCL    Document 1-2    Filed 08/03/17    Page 16 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 15 of 17

appellate briefing, specifically, for opposing Blixseth's emergency motion to stay

proceedings pending adjudication of his judicial misconduct complaint and for

YCLT's statement regarding Blixseth's pro se response and Blixseth's attorneys'

responses to the order to show cause.  Flynn also argues that he cannot be required

to pay fees based on conduct unrelated to the briefing, specifically, for his conduct

at oral argument and for lack of candor to the court.  Flynn's argument lacks merit

for the reasons stated in the contemporaneously filed second amended order

awarding fees and costs to CrossHarbor.

    3.  Reasonable Attorneys' Fees

    In section II(A)(2)(b), 26.3 hours and $9,065.50 in fees were disallowed for

preparing YCLT's statement regarding Blixseth's pro se response.  YCLT's

remaining 144.3 hours and $48,876.50 in fees were reasonably expended, and they

are awarded.

B.  Non-Taxable Costs

    YCLT requests the award of non-taxable costs in the amount of $2,220.81

for airfare, hotel, cab fare, meals, and airport parking expenses in connection with

oral argument.  Flynn presents the same arguments against awarding YCLT's non-

taxable costs that have been discussed above with respect to awarding YCLT's

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 66 of 80   Page ID #:66

Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 17 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 16 of 17

attorneys' fees.  In particular, YCLT does not request any costs attributable to YCLT's statement regarding Blixseth's pro se response to the order to show cause. YCLT's requested non-taxable costs are reasonable, and they are awarded.  *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579-82 (9th Cir. 2010).

C.  Liability

Attorneys' fees and non-taxable costs in the amount of $42,031.81 are awarded jointly and severally against Blixseth and Flynn under Rule 38 and § 1927.  *See Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1407 n.8 (9th Cir. 1985); *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1138 (1984); *McConnell v. Critchlow*, 661 F.2d 116, 118-19 (9th Cir. 1981). Attorneys' fees in the amount of $9,065.50 are awarded against Flynn under § 1927.

### III
### Conclusion

Flynn's motion for reconsideration (Docket Entry No. 146) is granted in part.  The order at Docket Entry No. 143 is vacated and this amended order is substituted.

Pursuant to the court's order at Docket Entry No. 106, attorneys' fees and non-taxable costs in the amount of $42,031.81 are awarded under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 in favor of Brian A. Glasser,

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 67 of 80   Page ID #:67

Case 9:17-mc-00010-DLC-JCL   Document 1-2   Filed 08/03/17   Page 18 of 18
Case: 12-35986, 12/01/2016, ID: 10217210, DktEntry: 149, Page 17 of 17

Trustee, and Yellowstone Club Liquidating Trust and jointly and severally against Timothy L. Blixseth and Michael J. Flynn. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1008-09 (9th Cir. 2015).

Pursuant to the court's order at Docket Entry No. 106, attorneys' fees in the amount of $9,065.50 are awarded under 28 U.S.C. § 1927 in favor of Brian A. Glasser, Trustee, and Yellowstone Club Liquidating Trust and against Michael J. Flynn. *Id.*

This amended order amends the court's mandate.

## EXHIBIT A-3

**Amended Order re: Yellowstone Mountain Club, LLC's and CIP Yellowstone Lending
LLC's Application for Attorneys' Fees and Non-Taxable Costs**
*Blixseth v. Yellowstone Mountain Club, LLC,* et al.,
**Case No. 12-35986 (9th Cir. Dec. 1, 2016)**

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 69 of 80   Page ID #:69
Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 2 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 1 of 12

**FILED**

UNITED STATES COURT OF APPEALS

DEC 01 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY L. BLIXSETH,<br><br>                    Appellant,<br><br>     v.<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC; AD HOC GROUP OF CLASS B UNIT HOLDERS; CIP SUNRISE RIDGE OWNER LLC; CIP YELLOWSTONE LENDING LLC; CROSSHARBOR CAPITAL PARTNERS, LLC; BRIAN A. GLASSER; CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH; YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>                    Appellees. | No. 12-35986<br><br>D.C. No. 11-CV-73-SEH<br>District of Montana, Butte<br><br>A TRUE COPY<br>ATTEST  07-20-2017<br>MOLLY C. DWYER<br>Clerk of Court<br>by: Ivan Ryan<br>Deputy Clerk<br><br>**AMENDED ORDER** RE: YELLOWSTONE MOUNTAIN CLUB, LLC'S AND CIP YELLOWSTONE LENDING LLC'S APPLICATION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS |

Before:  Peter L. Shaw, Appellate Commissioner

I

Background

The Appellate Commissioner filed an order awarding attorneys' fees and

non-taxable costs, and Michael J. Flynn filed a motion for reconsideration of the

order.  Flynn's motion for reconsideration (Docket Entry No. 146) is granted in

part.  The order at Docket Entry No. 141 is vacated and this amended order is

MH/APPCOMM                                                      12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 70 of 80   Page ID #:70

Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 3 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 2 of 12

substituted.  In the amended order, the analysis in section IIA(2)(b) and the

resulting award have been revised.

The facts are stated in the contemporaneously filed second amended order

awarding attorneys' fees and non-taxable costs to CrossHarbor Capital Partners,

LLC and CIP Sunrise Ridge Owner LLC (together, "CrossHarbor").  This amended

order addresses the application for attorneys' fees and non-taxable costs filed by

Yellowstone Mountain Club, LLC and CIP Yellowstone Lending LLC (together,

"Yellowstone").  Flynn, attorney for Timothy L. Blixseth, filed responses to

Yellowstone's application, and to the applications of  Brian A. Glasser, Trustee,

and Yellowstone Club Liquidating Trust (together, "YCLT") and CrossHarbor.

CrossHarbor and YCLT filed replies; Yellowstone joined in CrossHarbor's reply.

II
Analysis

A. Attorneys' Fees

1. Yellowstone's Request

Yellowstone requests attorneys' fees in the amount of $11,850 for 47.4

hours of 2012-14 work at $250 per hour by James A. Patten of Patten, Peterman,

Bekkedahl & Green, PLC in Billings, Montana.  The total requested has been

reduced by $25 to account for an error in the fees billed on October 30, 2013.

MH/APPCOMM                              2                         12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 71 of 80   Page ID #:71

Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 4 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 3 of 12

On Ninth Circuit Form 9, Yellowstone states that Patten spent the time as follows:

| Service Category | Total |
| --- | --- |
| Interviews & Conferences | 6.9 |
| Obtaining & Reviewing Records | 1.1 |
| Legal Research | 0 |
| Preparing Briefs | 11.1 |
| Preparing For & Attending Oral Argument | 28.3 |
| Total Hours | 47.4 |

Yellowstone requests fees for reviewing the 13,043-word joint answering brief, preparing for and presenting the oral argument in Seattle on behalf of all appellees, reviewing Blixseth's pro se response and Blixseth's attorneys' responses to the court's order to show cause, and reviewing and preparing a portion of CrossHarbor's and Yellowstone's joint statements regarding the responses.

In a declaration accompanying Yellowstone's application, Patten states that the time requested is accurate and based on contemporaneous time records maintained in his ordinary course of practice.

2. Flynn's Objections

Flynn objects to Yellowstone's requested attorneys' fees on a number of grounds, arguing that Yellowstone should be awarded no more than $2,617.58 in

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 72 of 80   Page ID #:72
Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 5 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 4 of 12

fees. In the alternative, Flynn requests that the court impose a $10,000 sanction

against him to be divided among all appellees as they see fit.

### a. Flynn's Appearance

As Flynn did in opposing CrossHarbor's application, Flynn argues that he

cannot be held liable for Yellowstone's fees and costs incurred before he filed a

notice of appearance. Flynn objects on this ground to $1,450 in fees and costs

requested by Yellowstone. Flynn's argument lacks merit for the reasons stated in a

contemporaneously filed second amended order awarding fees and costs to

CrossHarbor.

### b. Yellowstone's Statements Regarding Sanctions

Flynn objects to Yellowstone's request for 12.7 hours and $3,175 in

attorneys' fees for preparing CrossHarbor's and Yellowstone's joint statements

regarding Blixseth's pro se response and Blixseth's attorneys' responses to the

order to show cause. As Flynn did in opposing CrossHarbor's application, Flynn

argues that the court may not include the expense of litigating the order to show

cause in the attorney's fees and costs that the court ordered Blixseth and Flynn to

pay as a sanction. Flynn's argument has partial merit, as stated in the

contemporaneously filed second amended order awarding fees and costs to

CrossHarbor.

MH/APPCOMM                                  4                              12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 73 of 80   Page ID #:73
Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 6 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 5 of 12

Unlike CrossHarbor, Yellowstone did not exclude from its application the fees incurred for preparing the joint statements regarding the order to show cause responses filed by attorneys who were not sanctioned. Blixseth and Flynn may not be required to pay Yellowstone's fees for preparing the joint statements regarding the non-sanctioned attorneys' responses.

Accordingly, 7.55 hours and $1,887.50 in fees are disallowed for Patten's preparation of the joint statements regarding the responses of non-sanctioned attorneys on March 18 and 31, April 14, 15, 16, and 17, and May 1 and 14, 2014. This includes half of the time on March 31 and May 1, 2014 that Patten block billed for work related to Blixseth's pro se response or Flynn's response and for work related to another attorneys' response.

Also, 1.35 hours and $337.50 in fees are disallowed for Patten's preparation of the joint statement regarding Blixseth's pro se response on March 25, 26, and 31, April 17 and 21, 2014, because this work may not be awarded under Federal Rule of Appellate Procedure 38. This includes half of the time on March 25, 26, and 31, and April 17 and 21, 2014 that Patten block billed for work on Blixseth's pro se response, Flynn's response, another attorneys' response, or another task.

In addition, 2.85 hours and $712.50 in fees for Patten's preparation of the joint statement regarding Flynn's response on March 25 and 26 and April 9, 10, 11,

Case 5:17-mc-00015-UA    Document 1    Filed 09/12/17    Page 74 of 80    Page ID #:74
Case 9:17-mc-00010-DLC-JCL    Document 1-3    Filed 08/03/17    Page 7 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 6 of 12

14, 15, and 16, 2014 are awarded against Flynn alone under 28 U.S.C. § 1927.

This includes half of the time on March 25 and 26, 2014 that Patten block billed

for work on Blixseth's pro se response and Flynn's response.

      c.  Mitigation

      As Flynn did in opposing CrossHarbor's application, Flynn argues that

Yellowstone's requested attorneys' fees and costs are unreasonable, and should be

denied in full or reduced to a total sanction of no more than $10,000 against Flynn

to be divided among all appellees.  Flynn argues that Yellowstone should have

mitigated its fees and costs by filing a motion for sanctions during the bankruptcy

court, district court, or court of appeals proceedings, or a motion for summary

disposition during the court of appeals proceedings, before this court issued its

opinion and sua sponte order requiring Blixseth and his attorneys to show cause

why they should not be sanctioned.  Flynn also argues that, if Blixseth's claims

were baseless, Yellowstone should have mitigated its fees and costs by resisting

them less vigorously.  Flynn's argument lacks merit for the reasons stated in the

contemporaneously filed second amended order awarding fees and costs to

CrossHarbor.

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 75 of 80   Page ID #:75

Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 8 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 7 of 12

d. Duplication Of Effort

Flynn argues that Yellowstone's requested fees and costs should be disallowed or reduced by $3,675 because of duplication of effort. As Flynn did in opposing CrossHarbor's application, Flynn argues that Yellowstone and the other appellees filed a joint answering brief, but filed separate, duplicative applications for fees and costs. Flynn argues that appellees' joint briefing caused duplication of effort and excessive, duplicative billing for emails, telephone conferences, and brief review. Flynn's argument lacks merit. For the most part, Flynn's argument is addressed in the contemporaneously filed second amended order awarding fees and costs to CrossHarbor. The portions of the argument that are particular to Yellowstone are discussed below.

Yellowstone's fee application reasonably reflects Yellowstone's role in the appeal, and does not duplicate the other appellees' fee applications. A review of Yellowstone's attorneys' time records and Yellowstone's and the other appellees' fee applications, as well as Flynn's examples of allegedly duplicative work in a spreadsheet accompanying his response to the fee application, reveals no unnecessary or unjustified duplication of effort on appeal.

Patten was general bankruptcy counsel for Yellowstone from the commencement of the bankruptcy case through the appellate proceedings, and

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 76 of 80   Page ID #:76

Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 9 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 8 of 12

therefore he has extensive knowledge about this case and related matters.  Patten

served as the sole attorney for Yellowstone on appeal, and presented the oral

argument on behalf of all appellees.  As CrossHarbor states in its reply, which was

joined by Yellowstone, the coordination of effort among the attorneys familiar

with the case and the attorneys performing the briefing "necessarily required those

attorneys to review each other's work and to provide information and input with

respect to matters in which they had participated over that period of some seven

years."  Similarly, coordination of effort and conferencing among the attorneys

was justified for Patten's oral argument preparation.

     e.  Oral Argument Preparation

     Flynn objects to Yellowstone's request for 28.3 hours and $7,075 in fees for

oral argument, arguing that it should be reduced to 7.5 hours and $1,875 in fees.

Flynn argues that Patten did not prepare the answering brief and therefore

"start[ed] from scratch" in preparing for oral argument.  Flynn argues that Patten's

oral argument preparation time duplicated the time that CrossHarbor's and YCLT's

attorneys spent preparing the answering brief.  Flynn's argument lacks merit.

     "The . . . court's inquiry must be limited to determining whether the fees

requested by this particular legal team are justified for the particular work

performed and the results achieved in this particular case. . . . The court . . . may

MH/APPCOMM            8            12-35986

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 77 of 80   Page ID #:77

Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 10 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 9 of 12

not attempt to impose its own judgment regarding the best way to operate a law

firm, nor to determine if different staffing decisions might have led to different fee

requests.  The difficulty and skill level of the work performed, and the result

achieved . . . must drive the . . . court's decision." *Moreno v. City of Sacramento*,

543 F.3d 1106, 1115 (9th Cir. 2008).

A review shows that Patten reasonably expended the requested hours to

prepare for and present a successful oral argument on behalf of all appellees. *See*

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559

(1986); *Moreno*, 543 F.3d at 1112, 1115; *Moore v. Jas. H. Matthews & Co.*, 682

F.2d 830, 839 (9th Cir. 1982).  Flynn does not mention that Yellowstone's

requested oral argument time of 28.3 hours includes 12.2 hours for Patten's round

trip travel and attendance at the oral argument, in addition to his oral argument

preparation.

### f.  Fees Available For Matters Other Than Briefing

As Flynn did in opposing CrossHarbor's application, Flynn argues that the

court ordered him to show cause based on the appellate briefing, and that the court

imposed sanctions based on the appellate briefing.  Therefore, Flynn argues, he

cannot be required to pay Yellowstone's attorneys' fees for matters other than the

appellate briefing, specifically, for opposing Blixseth's emergency motion to stay

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 78 of 80   Page ID #:78

Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 11 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 10 of 12

proceedings pending adjudication of his judicial misconduct complaint and for

Yellowstone's statement regarding Blixseth's pro se response and his attorneys'

responses to the order to show cause.  Flynn also argues that he cannot be required

to pay fees based on conduct unrelated to the briefing, specifically, for his conduct

at oral argument and for lack of candor to the court.  Flynn's argument lacks merit

for the reasons stated in the contemporaneously filed second amended order

awarding fees and costs to CrossHarbor.

    3.  Reasonable Attorneys' Fees

    Flynn does not object to Yellowstone's requested $250 hourly rate for

Patten.  In section IIA(2)(b), 8.9 hours and $2,225 in fees were disallowed for

preparing the joint statements regarding Blixseth's pro se response and the non-

sanctioned attorneys' responses to the court's order to show cause.  Yellowstone's

remaining 38.5 hours and $9,625 in fees are reasonable, and they are awarded.

B.  Non-Taxable Costs

    Yellowstone requests the award of non-taxable costs in the amount of

$592.58 for airfare and lodging expenses in connection with oral argument.  Flynn

presents the same arguments against awarding Yellowstone's non-taxable costs

that have been discussed above with respect to awarding Yellowstone's attorneys'

fees.  In particular, Yellowstone does not request any costs attributable to

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 79 of 80   Page ID #:79
Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 12 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 11 of 12

CrossHarbor's and Yellowstone's joint statement regarding Blixseth's pro se

response and Flynn's response to the order to show cause. Yellowstone's

requested non-taxable costs were reasonably expended, and they are awarded. *See*

*Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579-82 (9th Cir. 2010).

C.  Liability

Attorneys' fees and non-taxable costs in the amount of $9,505.08 are

awarded jointly and severally against Blixseth and Flynn under Rule 38 and

§ 1927. *See Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d

1401, 1407 n.8 (9th Cir. 1985); *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d

1133, 1138 (1984); *McConnell v. Critchlow*, 661 F.2d 116, 118-19 (9th Cir. 1981).

Attorneys' fees in the amount of $712.50 are awarded against Flynn under § 1927.

III
Conclusion

Flynn's motion for reconsideration (Docket Entry No. 146) is granted in

part.  The order at Docket Entry No. 141 is vacated and this amended order is

substituted.

Pursuant to the court's order at Docket Entry No. 106, attorneys' fees and

non-taxable costs in the amount of $9,505.08 are awarded under Federal Rule of

Appellate Procedure 38 and 28 U.S.C. § 1927 in favor of Yellowstone Mountain

Club, LLC and CIP Yellowstone Lending LLC and jointly and severally against

Case 5:17-mc-00015-UA   Document 1   Filed 09/12/17   Page 80 of 80   Page ID #:80
Case 9:17-mc-00010-DLC-JCL   Document 1-3   Filed 08/03/17   Page 13 of 13
Case: 12-35986, 12/01/2016, ID: 10217222, DktEntry: 150, Page 12 of 12

Timothy L. Blixseth and Michael J. Flynn. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1008-09 (9th Cir. 2015).

Pursuant to the court's order at Docket Entry No. 106, attorneys' fees in the amount of $712.50 are awarded under 28 U.S.C. § 1927 in favor of Yellowstone Mountain Club, LLC and CIP Yellowstone Lending LLC and against Michael J. Flynn. *Id.*

This amended order amends the court's mandate.